OPINION OF THE COURT
George G. Bernhard, J.
This is a proceeding brought on by the Superintendent of the Dover Union Free School District charging the-respondent parents of a 13-year-old child with neglect, pursuant to article 10 of the Family Court Act, entitled “Child Protective Proceedings”.
The superintendent charges, in words and substance, that the child is neglected for “failure to attend an appropriate educational institution as determined by the Superintendent of Schools, Dover Union Free School District, Box 132, Dover Plains, New York, 12522.”
A Law Guardian appointed by this court moves to dismiss the proceeding upon two grounds:
1. That the officials of the Dover Union Free School District are not authorized as a “Child protective agency”, pursuant to section 1012 of the Family Court Act, to bring this proceeding, so that the superintendent has no standing to serve and file a petition in this court; and
2. That the petition is insufficient as a matter of law.
I shall deal with the latter contention first.
*319 Article 65 of the Education Law entitled “Compulsory Education and School Census” sets forth the obligations of the schools and of the parents in the State of New York to provide education for their children. It is to be noted that section 1012 (subd [f], par [i], cl [A]) of the Family Court Act incorporates by reference the requirements of a parent to supply a child with education pursuant to article 65 of the Education Law. Furthermore, in words and substance, the statute defines a “[n]eglected child” as a person less than 18 years of age who has not been provided with such education. Therefore, if one construes this subject petition as a mere pleading, the court rules that it is sufficient to notify the respondents of the nature of the charges contained therein. In other words, the petition suffices as a pleading and is not defective in that respect as a matter of law.
This brings us to the more substantial issue raised in this motion which addresses the status of school district officials generally to bring neglect proceedings in Family Court. Sections 3232 and 3233 of the Education Law empower prosecutions to be brought in this court as well as in courts of special sessions against persons, including recalcitrant parents, who are charged with violations of the compulsory education provisions, leading to impositions of fines and imprisonment or both.
Nevertheless, those penal provisions do not contain the sanctions permitted in neglect proceedings brought pursuant to article 10 of the Family Court Act. That article empowers the court with broad equity jurisdiction to issue orders of protection, removal of the child, or orders in the nature of a mandatory injunction requiring various acts to be done. The important issue raised in this motion is whether our education officials are persons authorized by law to act in their discretion to bring such equity proceedings.
This court has made informal inquiry whether or not the local Department of Social Services “has arranged for the provision of child protection services under the local plan” with the Dover Union Free School District. Such an “arrangement” would empower the school district officials *320 pursuant to subdivision (i) of section 1012 of the Family Court Act to bring these neglect proceedings.
It appears that no such arrangement has been made, nor is such an arrangement alleged anywhere in the papers. Nor has any application been made for the court to take jurisdiction of this case on its own motion. That is an alternate procedure indicated in section 1027 of the Family Court Act. Under that section, the court may, on its own motion, direct a person, such as an education official, to file a neglect petition. A recent memorandum decision in Family Court, Queens County (Matter of Victoria M., NYLJ, Nov. 6,1981, p 17, col 5 [Fogarty, J.]) has squarely passed on this question by ruling that New York City education officials (Bureau of Attendance) had no standing per se to bring this type of proceeding. Neither the research of this court nor that of counsel has disclosed any provision of law other than those previously discussed to authorize this proceeding to be brought by education officials. Therefore, this court must grant the motion to dismiss this neglect petition upon the ground that petitioner lacks sufficient status to file the petition.
Furthermore, as previously noted, the petition is so conclusory in its printed form that it does not set forth sufficient facts upon which this court can properly, on its own motion, direct the filing of a petition.
That is not to state the matter should be left at rest. There is no doubt that the education officials involved are convinced that they are confronted with such a violation of the compulsory education laws, that their official and moral duty requires presentation of the case to the court. The questions concern mere procedure and the court would be chagrined if this case is not re-presented. The court suggests, in order of decreasing preference, the following:
(a) A written arrangement for such cases be made between the school district and the Dutchess County Department of Social Services; or
(b) A detailed application for a show cause order bringing on a neglect petition containing provisions by the court that the affidavit be filed as a petition or submitted to the court; or
*321 (c) Reference of the entire matter to the Department of Social Services.
The petition is dismissed.